[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff's claim that they were tenants of a single-family dwelling owned by the defendant at 29 Myrock Avenue in Waterford, Connecticut. Pursuant to the lease, the plaintiff's paid $1,200 security deposit to the defendant on July 16, 1999. The plaintiffs left the premises on or about November 21, 2000. Prior to moving out, they gave oral notice to the defendant on October 20, 2000 and written notice that they were moving out November 13, 2000, leaving a forwarding address. The defendant had not returned the security deposit within the 30 days as required by statute, Connecticut General Statutes § 47a-21. The defendant claims that he did not get proper written notice and that he did return the security deposit.
The court finds that the plaintiffs did give the proper notice, orally and in writing and, therefore, are entitled to the return of the deposit within 30 days of the time they left the premises on November 21, 2000.
The defendant failed to return the security deposit within 30 days as required by the statute. In fact, he did not return the deposit until March 9 of the year 2001. At that time, he did not return all of the deposit claiming that $300 of the $1,200 was a special fee and deposit required because the plaintiffs owned dogs and cats. The law is clear that the defendant cannot retain that $300 and that the statute requires the complete deposit to be returned within 30 days. CT Page 14293
The court finds that the plaintiffs are entitled to the following:
Total security deposit $1,200
 Statutory damages double the amount of the deposit in accordance with Connecticut General Statutes § 47a-21 $1,200
Interest $ 40
Fuel oil reimbursement $ 184.94
 The court awards reasonable attorney's fees in the amount of $ 500.00
TOTAL $3,124.94
The court recognizes that the plaintiffs have made a claim for a much more substantial amount of attorney's fees, but based upon the entire claim and value of the case, the court finds that $500 is a reasonable fee.
The defendant is entitled to a credit for sewer and water bills of $367.68. On the other hand, the court finds he is not entitled to a credit for the toilet seat or for the fuel oil because the plaintiffs did "fill the tank shortly before they left.
Accordingly, plaintiffs are entitled to $3,124.94 less a credit for the sewer and water bills of $367.68, for a net total of $2,757.26.
Judgment may enter for the plaintiffs in the amount of $2,757.26.
D. Michael Hurley Judge Trial Referee